UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Orlando Llorens Gonzalez,

Petitioner

v.

Pamela Bondi, et al.,[1]

Respondents

Case No. 2:26-cv-00311-CDS-DJA

**Order Granting in Part and Denying in Part Petition for Writ of Habeas Corpus**

[ECF No. 3]

This is a 28 U.S.C. § 2241 habeas petition action. Petitioner Orlando Llorens Gonzalez is a citizen of Cuba who immigrated to the United States in 1995. Notice to Appear, Resps.' Ex. A, ECF No. 10-2. In 2000, Gonzalez was convicted of a felony in Nevada. *Id.* at 2. In October 2000, INS issued the petitioner a Notice to Appear charging him under section 212(a)(2)(A)(i)(I) of the INA, and an immigration judge ordered him to be removed to Cuba. *Id.* at 5, 7. Over a year later, ICE released him on an order of supervision because there was no significant likelihood of removal. *Id.* at 5.

On January 21, 2026, ICE arrested the petitioner pursuant to an immigration detainer lodged with the Las Vegas County Jail following his arrest by local police the month prior. *Id.* Six days later, DHS attempted to effectuate the October 2000 removal order by deporting him to Mexico, but the petitioner refused to board the airplane. Barbosa Decl., Resp'ts' Ex. C, ECF No. 10-4. In turn, the petitioner received a Notice of Failure to Comply, and his detention has continued. *Id.* at 3. On February 9, 2026, Gonzalez filed a petition for writ of habeas corpus, challenging his immigration detention as unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Pet., ECF No. 3. The petition is fully briefed. Resp., ECF No. 10; Reply, ECF No. 11. For the following reasons, I grant in part his petition.

_____

[1] In light of recent changes, the Clerk of Court is kindly directed to substitute Pamela Bondi and Kristi Noem with Todd Blanche, Acting Attorney General of the United States, and Markwayne Mullin, U.S. Secretary of Homeland Security.

## I.    Discussion

"The Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (citation modified). "Due process requires notice that is reasonably calculated, under all the circumstances, to apprise interested parties and that affords a reasonable time to make an appearance." *Id.* (citation modified). Immigration detainees **must receive notice** that they are subject to removal and "an opportunity to challenge their removal" within a "reasonable time." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam).

Here, the immigration court ordered the petitioner to be removed to Cuba, but DHS tried to remove him to Mexico—without notice of the third-country removal or an opportunity to be heard. Because they failed to give the petitioner notice of the third-country removal or an opportunity to be heard, their removal efforts do not comport with due process. But they do show that there is a significant likelihood of the petitioner's removal in the reasonably foreseeable future. As such, per *Zadvydas*, I find that the petitioner's detention is not unlawfully prolonged. *See Zadvydas*, 533 U.S. at 701 (holding that an immigration detention is not unlawfully prolonged if the government has shown a significant likelihood that the detainee will be removed in the reasonably foreseeable future). Accordingly, the respondents are ordered to provide the petitioner with written notice of the country being designated (in this case, Mexico), the statutory basis for the designation, and a reasonable opportunity to be heard before an immigration judge. *See Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019).

## II.    Conclusion

IT IS HEREBY ORDERED that the petition for writ of habeas corpus **[ECF No. 3] is granted in part and denied in part**. The petition is denied with respect to the request for the petitioner's immediate release, but it is granted with respect to the request for notice and an opportunity to be heard concerning the third-country removal to Mexico.

IT IS FURTHER ORDERED that the petitioner is to receive notice of his third-country removal to Mexico and an opportunity to be heard before an immigration judge.

IT IS FURTHER ORDERED that the respondents must file a status report no later than **June 8, 2026,** informing the court of the date and time of the immigration hearing regarding the petitioner's third-country removal.

The Clerk of Court is kindly instructed to substitute Todd Blanche for Pamela Bondi and substitute Markwayne Mullin for Kristi Noem.

Dated: June 1, 2026

_____
Cristina D. Silva
United States District Judge