UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Orlando Llorens Gonzalez,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-00311-CDS-DJA

**Order Granting in Part Respondents' Motion to Amend**

[ECF No. 14]

Pending before the court in this immigration action are two motions seeking to amend the court's June 1, 2026 order. Resp'ts' mot. amend j., ECF No. 14; Pet'r's mot. amend j., ECF No. 17. For the reasons stated herein, the court grants in part the respondents' motion and defers ruling on the petitioner's motion until additional information is provided.

## I. Background[1]

The June 1st order held that the petitioner was likely to be removed in the reasonably foreseeable future, making his detention lawful. Order, ECF No. 13. But it also found that the government's attempt to remove the petitioner to a third country without notice or an opportunity to be heard violated due process. *Id.* Accordingly, it directed the respondents to give the petitioner notice and an opportunity to be heard before an immigration judge on his potential third-country removal. *Id.* It also directed the respondents to file a status report by June 8th informing the court of the date of the immigration hearing and the petitioner's third-country removal status. *Id.*

The respondents filed a motion to amend this order. ECF No. 14. Therein, the respondents argue that the order was "legally impossible to comply with" because there is no legal basis for noncitizens to reopen their immigration case and be heard before an immigration

[1] The court incorporates by reference the facts outlined in the June 1st order. ECF No. 13.

judge regarding relief from third-country removal. *Id.* at 1. Stated otherwise, the respondents argue that an immigration judge cannot grant the petitioner relief because the petitioner "is not in removal proceedings." *Id.* at 2.

On June 8th, the respondents filed the necessary status report. ECF No. 15. The report did not explain the status of the petitioner's third-country removal or state whether the petitioner received notice of it. Rather, the report summarily stated that no hearing before an immigration judge had been provided or scheduled because the immigration judge lacked jurisdiction to grant relief at this stage in the case. *Id.*

In turn, the petitioner filed his own motion to amend the June 1st order. ECF No. 17. Gonzalez argues that the respondents' failure to comply with the June 1st order—that is, their failure to "provide any indication that they intend to effectuate [his] lawful removal—shows there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 2.

## II. Legal standard

Under Federal Rule of Civil Procedure 59(e), a motion to amend a judgment, also called a motion for reconsideration, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood").

## III. Discussion

At the outset, I note that neither motion includes a memorandum of points and authorities, as required by Local Rule 7-2. *See* LR 7-2(a) ("All motions . . . must be supported by a memorandum of points and authorities."). This is grounds to deny both motions. *Id.* at 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes

a consent to the denial of the motion."). Even so, given the nature of this action, I address the motions' merits.

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The "fundamental features of due process" are "notice and an opportunity to be heard." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1205 (9th Cir. 2022) (quotation omitted). "[T]o provide adequate due process of a third-country removal, ICE must (1) provide notice, (2) ask the noncitizen whether he or she fears persecution or harm upon removal to the designated country and memorialize in writing the [noncitizen's] response, (3) inform the noncitizen that he or she may seek asylum, withholding, and relief under the [United Nations Convention Against Torture (CAT)] by filing a motion to reopen with the immigration courts if the answer to that question is yes, and (4) provide adequate time to prepare and file a motion to reopen." *Sarkisov v. Blanche*, 2026 WL 949019, at *6 (D. Nev. Apr. 8, 2026) (citation modified).

The court recognizes that the four requirements set forth in *Sarkisov* do not necessarily include a hearing before an immigration judge. Accordingly, the respondents' motion for reconsideration is granted in part. The respondents need not provide a hearing before an immigration judge, but they must provide the four due process requirements described in *Sarkisov*. *See also Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings.").

Further, the court defers ruling on the petitioner's motion. The petitioner contends that the requirements of due process have not been met because the government has not given him notice of the third-country removal, asked him whether he fears persecution or harm in Mexico, or provided a meaningful opportunity for him to file a motion to reopen the immigration courts. *See* ECF No. 17 at 10. But the court recognizes that this lack of due process could be due to the instructions provided in the June 1st order. Stated otherwise, without more information, it is

premature to conclude that there is not a significant likelihood of removal in the reasonably foreseeable future.

## IV. Conclusion

IT IS THEREFORE ORDERED that the respondents' motion to amend **[ECF No. 14] is granted in part**, as set forth in this order. Specifically, the instruction requiring the petitioner to receive a hearing before an immigration judge is stricken and replaced with the following: "The respondents are ordered to (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the CAT by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen."

IT IS FURTHER ORDERED that the respondents are ordered to provide a status report by September 11, 2026. The report must inform the court as to (1) whether the four due process requirements set forth above have been met, and (2) the status of the petitioner's purported removal.

Upon review of the status report, the court will rule on the petitioner's motion to amend (ECF No. 17).

Dated: September 2, 2026

Cristina D. Silva
United States District Judge