UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Orlando Llorens Gonzalez, Petitioner<br>v.<br>Todd Blanche, et al., Respondents | Case No. 2:26-cv-00311-CDS-DJA<br>**Order Granting Petitioner's Motion to Amend Order**<br>[ECF No. 17] |

Petitioner Orlando Llorens Gonzalez filed a motion, ECF No. 17, seeking amendment of this court's prior order, ECF No. 13, granting in part his petition for writ of habeas corpus. For the reasons stated herein, I grant that motion and order his release.

## I. Background

Llorens Gonzalez is a citizen of Cuba. ECF No. 10-2 at 4. In 2000, an immigration judge (IJ) ordered Llorens Gonzalez deported to Cuba, but U.S. Immigration and Customs Enforcement (ICE) released Gonzalez on supervision in 2002. *Id.* at 5, 7. On January 20, 2026, ICE arrested Llorens Gonzalez. *Id.* at 5. That same week, Immigration Officials attempted to remove Llorens Gonzalez to Mexico. ECF No. 10 at 2; ECF No. 11 at 3. On February 12, 2026, Llorens Gonzalez filed a petition for a writ of habeas corpus requesting his release. ECF No. 3. In their response to the petition, the federal respondents explained that Cuba refused to repatriate the petitioner, which is why Immigration Officials attempted to remove him to Mexico. ECF No. 10 at 2. In June 2026, I granted Llorens Gonzalez's petition in part and ordered the respondents[1] to provide the petitioner with notice of his third-country removal to Mexico and an opportunity to be heard before an IJ. ECF No. 13. I also ordered the respondents to file a status report within

[1] I refer herein to all named respondents collectively as "the respondents."

the week informing the court of the date and time of that hearing. *Id.* at 3. But I denied Llorens Gonzalez's request for immediate release. *Id.* at 2.

Shortly thereafter, the federal respondents filed a motion for reconsideration and a status report, both asserting that an IJ did not have jurisdiction to grant the relief ordered by the court, so the federal respondents were unable to comply with the court's order. ECF Nos. 14–15. Around the same time, Llorens Gonzalez filed a motion to amend my order. ECF No. 17. He argues that the federal respondents' status report did not indicate whether they provided him with written notice of any third-country removal or whether they have initiated his removal. *Id.* at 3. Llorens Gonzalez therefore argued that it was not "significantly likely" he would be removed in the foreseeable future, so this court should order his immediate release from custody *Id.* at 4. In response, the federal respondents assert that the petitioner was provided with notice and that the petitioner's fear that Mexico is dangerous is insufficient to demonstrate a fear of *persecution* as is required to avoid removal to Mexico. ECF No. 19. The federal respondents attached no exhibits to their response.

Approximately two months later, I amended my order. ECF No. 21. Rather than ordering the respondents to provide Llorens Gonzalez with an opportunity to be heard before an IJ, I ordered them to (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture (CAT) by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen. *Id.* at 4. I also ordered the respondents to file a status report informing the court as to (1) whether the four due process requirements set forth above have been met, and (2) the status of the petitioner's purported removal. *Id.* I explained that upon reviewing the forthcoming status report, I would rule on Llorens Gonzalez's motion to amend (ECF No. 17). *Id.*

Thereafter, the federal respondents filed a status report stating:

(1) Petitioner was presented with a notice of intent to remove him to Mexico on September 9, 2026;

(2) Petitioner refused to sign the document and refused to speak to Immigration Officers and as a result did not claim fear of removal; [and]

(3) Petitioner remains detained at NSDC.

ECF No. 22 at 1. That status report did not include any exhibits, such as affidavits or declarations, supporting those assertions.

The petitioner filed a response to that status report. ECF No. 23. There, he contended that the status report failed to demonstrate that the respondents complied with the due-process requirements outlined in the order when they did not provide any documentation supporting their assertions. *Id.* at 2–3. The petitioner also argued that the status report did not suggest that the federal respondents are actually seeking his removal, such as by seeking travel documents, so his detention is presumptively unreasonable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), when he has now been detained longer than six months. *Id.* at 4–5. In support of that argument, the petitioner provided emails from his counsel to the federal respondents' counsel. ECF No. 23-1. In those emails, the petitioner's counsel asked the federal respondents' counsel for a copy of the notice that the petitioner was allegedly provided on September 9, 2026, and for clarification as to whether the federal respondents still intended to remove him to Mexico. *Id.* To date, it does not appear the federal respondents responded to that request. *Id.*

## II. Discussion

Under Federal Rule of Civil Procedure 59(e), a motion to amend a judgment, also called a motion for reconsideration, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also*

LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood"). Here, I find the federal respondents' failure to comply with my order and Llorens Gonzalez's continued detention constitute newly discovered evidence warranting amendment of my previous order denying petitioner's request for release.[2] Accordingly, I grant his motion to amend.

**A. Release is warranted because the federal respondents failed to provide the petitioner with notice of his removal to Mexico and an opportunity to be heard regarding his fear of removal to that country.**

I already discussed the due-process obligations regarding removal to a third country in my prior orders, ECF Nos. 13, 21, and I incorporate that discussion as if set forth fully herein. To provide the petitioner with due process, I ordered the respondents to (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the CAT by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen. ECF No. 21 at 4. I also ordered the respondents to file a status report informing the court as to (1) whether the four due process requirements set forth above have been met, and (2) the status of Llorens Gonzalez's purported removal. *Id.* But the federal respondents have demonstrated a lack of desire, ability, or both, to comply with that order. At best, the federal respondents claim to have made one effort to comply, but fail to provide evidence to support their claim. Accordingly, I find

[2] In the event that my previous order was not a final judgment, I maintain the "power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

that the federal respondents have violated the petitioner's due process rights and release is therefore warranted. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) (explaining that "[h]abeas is at its core a remedy for unlawful executive detention" and that "[t]he typical remedy for such detention is, of course, release").

**B. Release is also warranted because the federal respondents failed to demonstrate that there is a significant likelihood of the petitioner's removal in the reasonably foreseeable future.**

Generally, when an order for removal of a noncitizen becomes administratively final, the Attorney General must remove the noncitizen "within a period of 90 days." 8 U.S.C. § 1231(a)(1). Detention beyond this 90-day period is allowed only for a reasonable period. *Zadvydas*, 533 U.S. at 701. A period of detainment of six months or less is considered presumptively reasonable. *Id.* However, after six months, the government bears the burden of rebutting Llorens Gonzalez's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*

Here, the removal period began in 2000 because that is when the order of removal was entered. Llorens Gonzalez was detained at that time, released on supervision, and was re-detained on January 20, 2026. Indeed, he has remained detained since that day. Together, Llorens Gonzalez has been detained for over six months, which means that the *Zadvydas* framework applies. *See Siddiqi v. Bondi*, 2026 WL 2350546, at *3 (D. Nev. Aug. 13, 2026) ("District courts within the Ninth Circuit have seemingly reached a consensus that the period of post-final removal order detention is at least cumulative.").

That framework in mind, I find that the petitioner has shown there is no significant likelihood of removal in the reasonably foreseeable future and the federal respondents have failed to rebut that showing. First, Llorens Gonzalez points to the federal respondents' status report, which fails to explain the status of his removal and instead states only that he is still detained. Next, Llorens Gonzalez provides the unanswered email from his counsel to the federal respondents' counsel requesting an update on whether the federal respondents intend to remove

Llorens Gonzalez to Mexico. Finally, Llorens Gonzalez argues that had the federal respondents intended to remove him, they could have explained that intent in either their response to the petition or in their motion for reconsideration, but they failed to do so in both documents. ECF No. 17 at 3 n.1. Considered together, it does not appear that the federal respondents are taking steps that would make it significantly likely that Llorens Gonzalez's removal will happen in the reasonably foreseeable future. The burden thus switches to the federal respondents. However, the federal respondents did not explain what efforts they have been taking to remove petitioner these past several months in either (1) their response to the petition, (2) their response to the motion to amend, or (3) their status report. Likewise, they have not provided any evidence demonstrating any such efforts. As far as the court is aware, the federal respondents attempted to put Llorens Gonzalez on a plane to Mexico in January 2026 and have done nothing in the months since that attempt. Therefore, pursuant to *Zadvydas*, Llorens Gonzalez must be immediately released.

## III. Conclusion

IT IS THEREFORE ORDERED that petitioner Orlando Llorens Gonzalez's motion to amend **[ECF No. 17] is GRANTED**.

IT IS FURTHER ORDERED that the respondents must release Llorens Gonzalez from custody at the Nevada Southern Detention Center by Thursday, October 8, 2026, no later than 1:00 p.m. The respondents must transport Llorens Gonzalez to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Llorens Gonzalez's counsel of the estimated time of release for coordination purposes.

IT IS FURTHER ORDERED that Llorens Gonzalez is placed under the *same* order of supervision that was in place before he was detained in January 2026.

IT IS FURTHER ORDERED that the respondents must return all of Llorens Gonzalez's personal property to him upon his release.

IT IS FURTHER ORDERED that the federal respondents must file a notice of compliance with this order detailing the date, time, and location of his release no later than Friday, October 9, 2026, at 5:00 p.m.

IT IS FURTHER ORDERED that the respondents may not re-detain Llorens Gonzalez during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate.

IT IS FURTHER ORDERED that if Llorens Gonzalez is going to be re-detained, the federal respondents must give him adequate notice of the detention hearing.

IT IS FURTHER ORDERED that if the respondents desire to remove Llorens Gonzalez to a third county, they must still (1) provide the petitioner with notice of his purported third-country removal; (2) ask the petitioner whether he fears persecution or harm upon removal to the designated country and memorialize in writing the petitioner's response; (3) inform the petitioner that he may seek asylum, withholding, and relief under the United Nations Convention Against Torture by filing a motion to reopen with the immigration courts if the answer to that question is yes; and (4) provide adequate time to prepare and file a motion to reopen.

Dated: October 6, 2026

Cristina D. Silva
United States District Judge